UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| CARL NATHANIAL WILLIAMS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE STATE OF GEORGIA, DISTRICT ) <br> ATTORNEY JEFF HENDRIX, and ) <br> AGENT CHARLES GUYER, ) <br> ) <br> Defendants. ) | Case No. CV410-042 |

## REPORT AND RECOMMENDATION

Before the Court is Carl Nathaniel Williams Jr.'s 42 U.S.C. § 1983 prisoner conditions complaint. (Doc. 1.) Although Williams has paid the Court's $350 filing fee, his case should be **DISMISSED**.

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to

state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court must therefore examine the complaint to determine whether it states a colorable claim for relief.

Williams, currently incarcerated at the Chatham County Detention Center, contends that he was arrested, and his mother's home was searched, based upon three incorrect warrants. (Doc. 1 at 5.) Agent Charles Guyer of the Chatham County Metropolitan Police Department Counter Narcotics Team, prepared the warrants. (*Id.*) Two of the warrants were "for sales" (presumably controlled substance sales) and have the wrong social security number. (*Id.*) The third warrant was for a search of plaintiff's mother's residence, and it included the wrong social security number, wrong color house, and someone else's name. (*Id.*) Additionally, Williams alleges that District Attorney Jeff Hendrix is holding him against his will on a false indictment. (*Id.*) As relief, he requests that he be released from jail and that he be financially compensated. (*Id.* at 7.)

To the extent Williams seeks release from detention, he advances no

cognizable § 1983 claim but instead is asserting a 28 U.S.C. § 2241[1] federal habeas claim. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14 (1973) (to the extent a prisoner attacks the legality of his custody or is seeking release from custody, "his sole federal remedy is a writ of habeas corpus"). "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Hence, his request for release is non-cognizable under § 1983. If he wishes to proceed with that claim, he should file a § 2241 habeas petition, but he is advised that such a claim would likely be subject to immediate dismissal for lack of exhaustion.[2]

---

[1] Section 2241 provides a federal habeas remedy to a state pretrial detainee who contends that he is being held in custody in violation of the Constitution, laws, or treaties of the United States. *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 n. 1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").

[2] Before Williams can pursue federal habeas relief, he must first exhaust his state remedies. While § 2241 does not contain an exhaustion requirement similar to that

As to his damages claims, both the assistant district attorney and the State of Georgia enjoy immunity. First, the State and Assistant District Attorney Hendrix, in his *official* capacity, cannot be sued for damages since such suits are barred by Eleventh Amendment sovereign immunity.[3] *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (the Eleventh

---

found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); *see Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254"). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000). Here, Williams represents that there exists a state criminal proceeding against him. If he believes that his current pretrial detention is unlawful, he has an available state remedy, for Georgia law recognizes the right of a person "restrained under any pretext whatsoever . . . [to] seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a).

[3] "[S]uits against an official in his or her official capacity are suits against the entity the individual represents." *Parker v. Williams*, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989). The question, for purposes of § 1983 liability, of whether an official acts on behalf of the state or county is a question of state law. The Eleventh Circuit has examined this issue and determined that "the district attorney's authority over prosecutorial decisions . . . is vested by state law pursuant to state authority." *Owens v. Fulton County*, 877 F.2d 947, 952 (11th Cir. 1989).

As an additional matter, since both the state and the prosecutor, acting in his official capacity, are effectively the same, such claims are barred by the language of § 1983 itself, since § 1983 only permits suits against "persons."

Amendment prohibits claims for damages against a state unless the state has waived immunity; official capacity suits against state officials are effectively suits against the state, so the same protection applies). Second, Hendrix, in his *individual* capacity, is absolutely immune from suit. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Absolute immunity protects the prosecutor's role as advocate for the State." *Guzman-Rivera v. Rivera-Cruz*, 55 F.3d 26, 29 (1st Cir. 1995) (citations omitted); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor is absolutely immune from suit for malicious prosecution."). Hence, Williams cannot sue Hendrix for his initiation or pursuit of the criminal prosecution.

Williams's request for release fails as a matter of law, and both Hendrix and the State are subject to dismissal on immunity grounds. That leaves Williams's claim against Agent Guyer. But Guyer is also subject to dismissal because Williams has not stated a claim for relief. Plaintiff's complaint, at its core, challenges his present state court criminal prosecution. Hence, any decision by this Court could substantially interfere with, and potentially undermine, the results reached in the state court proceeding. Often federal courts in this situation stay the federal

5

proceeding until the criminal case has ended. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Heck*, 512 U.S. at 487 n.8 ("if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings"); *see also Younger v. Harris*, 401 U.S. 37, 41 (1971) (holding that absent a "great and immediate" danger of irreparable harm, federal courts may not grant injunctive relief where the result would undermine or unduly interfere with a concurrent state court proceeding); *Gilbertson v. Albright*, 381 F.3d 965, 979 n.13 (9th Cir. 2004) (noting that every circuit that has addressed the issue, aside from the Fifth Circuit, has recognized that *Younger* principles apply "in some fashion" to damages actions); *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (ordering district court pursuant to *Younger* to abstain from resolving merits of petitioner's claims until state conviction reviewed by Georgia Court of Appeals). But a stay is not appropriate in this case.

Since Williams was arrested pursuant to a warrant (hence, a probable cause determination was made), his only conceivable claim is a claim for

malicious prosecution.[4] *Wallace*, 549 U.S. at 390; *Taylor v. Waranzak*, No. CV497-272, doc. 81 (Report and Recommendation) at 26 (S.D. Ga. Jan. 19, 1999) ("'An arrest warrant constitutes legal process and it is the tort of malicious prosecution that permits damages for confinement pursuant to legal process.'") (quoting *Calero-Colon v. Betancourt-Lebron*, 68 F.3d 1, 3-4 (1st Cir. 1995)). But an element of the tort of malicious prosecution is the termination of the criminal proceedings in plaintiff's favor. *Wallace*, 549 U.S. at 392 (quoting *Heck*, 512 U.S. at 484). That is, "a § 1983 action seeking damages for unconstitutional conviction *or confinement* [pursuant to legal process] cannot be pursued unless the underlying criminal case has been dismissed or reversed in favor of the criminal defendant." *Hust v. Wyoming*, 2010 WL 1174584 at *1 (9th Cir. Mar. 26, 2010) (emphasis

---

[4] False arrest and imprisonment claims provide recovery for damages between the time of arrest or seizure and the issuance of legal process. *Wallace*, 549 U.S. at 390 ("false imprisonment ends once the victim becomes held *pursuant to* [legal] *process*"); *Heck*, 512 U.S. at 484 (false arrest claims "'cover the time of detention up until the issuance of process or arraignment, but not more'"); *Whiting v. Traylor*, 85 F.3d 581, 585 n.8 (11th Cir. 1986) (same). "A cause of action for false or unlawful arrest cannot be pursued . . . when a person is arrested based on a warrant." *Norton v. Stidham*, 2009 WL 5214484 at *4 (W.D. Va. Dec. 29, 2009); *Churchill v. Whitaker*, 2005 WL 3534208 at *2 (N.D. Tex. Dec. 9, 2005) (same). Allegations that an arrest made pursuant to a defective warrant are more closely analogous to the common-law tort of malicious prosecution. *Wheeler v. Anne Arundel County*, 2009 WL 2922877 at *7 (D. Md. Sept. 8, 2009).

added). Williams has not yet shown that the proceedings have terminated in his favor. Hence, his claim has yet to accrue, and it is not cognizable under § 1983. *Id.* at *1 n.1 (distinguishing cases where the plaintiff was subjected to a warrantless arrest and could raise a conceivable false arrest or imprisonment claim); *see Heck*, 512 U.S. at 486-87; *Rogers v. Adams*, 103 F. App'x 63, 64 (8th Cir. 2004) (applying *Heck*); *Salas v. Pierce*, 297 F. App'x 874, 876 (11th Cir. 2008) (same). This claim, then, must be dismissed without prejudice.

Williams's case should be dismissed. His claims against the State and Hendrix should be **DISMISSED WITH PREJUDICE**, while his claim against Guyer should be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this __6th__ day of April, 2010.

/s/ _____<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT of GEORGIA